# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Larry Porchia,

                    Plaintiff,

v.

James Dzurenda, et al.,

                    Defendants.

Case No. 2:25-cv-01839-APG-NJK

**ORDER**

[Docket No. 30]

On January 5, 2026, the Court set an inmate early mediation conference for February 6, 2026, with mediation statements due by January 23, 2026. Docket No. 28. At the time of the issuance of that order, the Deputy Attorney General assigned to this case was Nathan Claus. *See* Docket No. 27. DAG Claus and the Nevada Attorney General's Office have known for weeks (if not longer) that DAG Claus was leaving the office. Indeed, they sought relief in other cases on that basis before the mediation statements were due in this case. *See, e.g.*, *Supranovich v. Julio*, Case No. 2:24-cv-00979-JAD-NJK, Docket No. 31 (D. Nev. Jan. 16, 2026).

Despite an order to submit a mediation brief and an imminent mediation, no such relief was promptly sought in this case. Instead, after hours on February 2, 2026, Deputy Attorney General Cecelia Blue filed a motion to revive the already-expired mediation statement deadline and continue the imminent mediation. Docket No. 30. Emergency motions "are not intended to save the day for parties who have failed to present requests when they should have." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1143 (D. Nev. 2015) (quoting *in re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)). The instant motion undoubtedly could have been filed weeks ago. No explanation is provided as to why it was filed after expiration of the deadline to submit mediation statements and just a few days before that mediation. Because this is an emergency of the Attorney General's Office's own making, the motion will be denied on that basis. *See, e.g.*, *Cardoza*, 141 F. Supp. 3d at 1143 ("When an attorney knows of the existence of a dispute

and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright").[1]

Accordingly, the Court **DENIES** the motion to reopen the expired deadline to submit a mediation brief and to continue the mediation. DAG Blue must immediately prepare and submit the mediation statement, in no event later than 3:00 p.m. on February 4, 2026.[2]

**IT IS SO ORDERED.**

DATED: February 3, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Filing an emergency motion imposes significant administrative burdens on the Court, which must generally abandon other pressing matters to address the pending "emergency." *Cardoza*, 141 F. Supp. 3d at 1141. The filing of this emergency motion specifically in the context of the inmate early mediation program creates additional problems. Were the motion granted at this very late hour, that would leave a mediation slot unused (and unusable) despite the difficulty in promptly holding mediations given the deluge of prisoner civil rights cases being filed.

[2] Nothing herein prevents the mediator from taking further action regarding the mediation if the circumstances warrant. *See* Docket No. 28 at 3-4. Although the motion represents that the Court's order was violated with respect to the required submission of the mediation statement, the Court leaves for another day whether that violation should result in sanctions.

2